UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C.<br>507 C Street, N.E.<br>Washington, DC 20002<br><br>and<br><br>JONATHAN W. CUNEO<br>507 C Street, N.E.<br>Washington, DC 20002<br><br>　　　　　　Plaintiffs<br>　　v.<br><br>JOEL D. JOSEPH<br>1431 Ocean Avenue<br>Santa Monica, CA 90401-2124<br><br>　　　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)  _____<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY RELIEF**

**(Material Breach of Settlement Agreement – Defendant
Loses His Settlement Agreement Rights)**

1.　　Plaintiffs seek a declaration of rights of the parties under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure.

2.　　The central issues are defendant's material breaches of a March 15, 2002 settlement agreement, and his loss of his rights under the settlement agreement.

3.　　The settlement agreement in question resolved a civil action before this Court entitled *Joseph, et al. v. Cuneo Law Group, P.C., et al.*, Civil No. 01-cv-01755 (RBW) ("the Lawsuit").

4.　　The parties to the Lawsuit are the same as the parties to the present case.

1

## The Parties

5. Plaintiff The Cuneo Law Group, P.C., is a District of Columbia Professional Corporation and thereby a Citizen of the District of Columbia.

6. Plaintiff Jonathan W. Cuneo is an individual Citizen of the District of Columbia. He holds an interest in The Cuneo Law Group, P.C. Mr. Cuneo and The Cuneo Law Group are referred to collectively as "Cuneo."

7. The defendant, Joel D. Joseph, on information and belief, is not a Citizen of the District of Columbia and until recently, resided in Maryland and now resides in California.

## Jurisdiction and Venue

8. This Court has jurisdiction of this the Lawsuit. There is diversity of citizenship under 28 U.S.C. § 1332. The two plaintiffs are diverse from the defendant. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

9. Venue is proper in this jurisdiction. The contract at issue was executed on March 15, 2002, in the District of Columbia. The litigation that preceded the settlement was in this Court.

10. Declaratory relief is proper under 28 U.S.C. § 2201. There is an actual controversy between the parties that is immediate and ripe.

11. There is no other litigation pending in federal or state court that would resolve the rights of the parties

## Factual Allegations

12. In early 2000, Mr. Joseph was engaged by The Cuneo Law Group, P.C., the predecessor firm of Cuneo Gilbert & Laduca, LLP.

13. On August 5, 2001, the firm received notice of a District of Columbia garnishment of any fees Cuneo owed to Mr. Joseph.

14. Cuneo in conformance with the garnishment notice was obligated to delay payment of the money owed to Mr. Joseph.

15. Mr. Joseph wanted the money despite the garnishment notice and he filed the Lawsuit in this Court on August 20, 2001, claiming the money and asserting a breach of the Cuneo employment contract.

16. Mr. Joseph wrongfully attempted to implement his claim by filing liens in Cuneo's pending cases and contacting Cuneo's various co-counsel.

17. Cuneo moved to dismiss the Complaint. Thereafter the Lawsuit was settled by an agreement dated March 15, 2002, referred to herein as "the Settlement Agreement."

18. The parties filed a praecipe of dismissal, which was followed by the Court's dismissal on April 2, 2002.

19. Cuneo, in conformity with the Settlement Agreement, promptly disbursed to Mr. Joseph the funds to which he was initially entitled.

20. The Settlement Agreement also provided that Mr. Joseph was to receive 20 percent (20%) of Cuneo's net fees, if any, in three (3) then-pending plaintiffs' contingency fee cases, referred to as the Gold Train Case, the Leatherman Case, and the Kwikset Case.

21. To prevent any further interference, Cuneo insisted on a provision in the Settlement Agreement that Mr. Joseph would "make no attempt to interfere with the pending cases or cases that follow, nor . . . attempt to file liens or notices of claim, or correspond with the litigants. If he does he has breached the agreement and waives his percentages."

22. Mr. Joseph also agreed in writing "to release all liens" and "not file any independent fee applications" and to "cooperate" with Cuneo "reasonably in the prosecution of these cases."

23. In early January 2006, Cuneo received payment in the first of the three cases, the Gold Train Case.

24. Cuneo, within days of receiving this disbursement, forwarded to Mr. Joseph or his assigns full payment of Mr. Joseph's share of the fees. Mr. Joseph accepted the amount paid as full payment of his percentage under the Settlement Agreement.

25. Mr. Joseph had no more claims. Nevertheless, Mr. Joseph wrongfully asserted monetary interests to which he was not entitled

26. Mr. Joseph, in breach of the Settlement Agreement, corresponded with Cuneo's co-counsel in the Gold Train case, Hagens Berman Sobol & Shapiro, LLP, of Seattle, Washington, and Dubbin & Kravetz, LLP, of Miami, Florida, demanding and noticing a claim for additional fees.

27. Mr. Joseph's notice of claim for additional fees in the Gold Train Case substantially and materially interfered with the continuing prosecution and administration of that action.

28. Furthermore Mr. Joseph threatened to disrupt relations between Cuneo and its co-counsel in the case.

29. Cuneo, upon learning of these demands, caused a letter to be sent to Mr. Joseph advising Mr. Joseph that his demands to Cuneo's co-counsel breached the Settlement Agreement.

30.  Mr. Joseph persisted in his pattern of breaching his written agreements to cooperate and cease his interference.

31.  Mr. Joseph went further in breach of his written agreements. He sued Cuneo's co-counsel in federal court in Florida seeking additional fees in the Gold Train Case, to which he, Mr. Joseph, was not entitled.

32.  The Florida case was assigned to the same Federal Judge who oversaw the Gold Train Case, The Honorable Patricia Seitz.

33.  In order to preserve Cuneo's good relations required for the successful administration of the Gold Train Case, Cuneo agreed to fully indemnify Cuneo's co-counsel for fees and costs and any judgment Mr. Joseph might obtain.

34.  The Florida federal court initially dismissed Mr. Joseph's lawsuit.

35.  Mr. Joseph then sought to amend his complaint to allege a multi-million dollar claim against the Hagens Berman firm on the ground that it tortiously interfered with Mr. Joseph's contractual relationship with Cuneo.

36.  The district court dismissed that claim as well. The suit was settled to avoid the delay and expense of defending an appeal.

37.  Mr. Joseph in 2006, in this Court again continued his pattern of intentionally interfering with the Gold Train Case.

38.  Mr. Joseph filed a motion (not a complaint) in this Court using the caption of the terminated Lawsuit, for future settlement funds, claiming he was entitled to a share of a costs reserve to cover the out-of-pocket expenses of all Gold Train plaintiffs' firms in the ongoing five-year settlement process of the Gold Train class action and other post-settlement administrative expenses.

39. Mr. Joseph's aforesaid pattern of misconduct was a further breach of the Settlement Agreement.

40. This Court denied Mr. Joseph's claim on October 16, 2006.

41. On February 12, 2008, Cuneo received payment in the Leatherman Case.

42. Mr. Joseph has lost his entitlement to any share in the fee in the Leatherman Case, which he would have had if he had not breached his obligations, as aforesaid, in the Settlement Agreement.

**Right to Declaratory Relief**

43. All preceding paragraphs are incorporated herein.

44. Cuneo is entitled to declaratory relief under 28 U.S.C. § 2201 based on Mr. Joseph's material violations of the Settlement Agreement.

45. Mr. Joseph materially violated the Settlement Agreement by (1) interfering with the Gold Train Case, (2) making unjustified monetary claims to which he was not entitled in the Gold Train Case, (3) failing to cooperate reasonably in the prosecution of the Gold Train Case, and (4) corresponding with the litigants in the Gold Train Case by and through the following actions, among others:

A. Noticing a claim for attorneys' fees from Cuneo's co-counsel in the Gold Train Case, despite the fact that Mr. Joseph had already been fully paid his percentage of Cuneo's fees in that case pursuant to the Settlement Agreement;

B. Refusing to cooperate in the prosecution of the Gold Train Case, and affirmatively disrupting the case, and failing to withdraw his claim to additional fees, even after he was notified of his breach of the Settlement Agreement;

C.   Filing a baseless lawsuit against Cuneo's co-counsel in the Gold Train Case, causing further interference with the prosecution of that action and with the relations of Cuneo with its co-counsel, necessitating an agreement by Cuneo to indemnify its co-counsel in order to resume good relations with such co-counsel and a successful prosecution of the case; and

D.   Filing a frivolous motion claiming costs in the Gold Train Case, despite the fact that the settlement does not entitle Joseph to any costs, and causing yet another disruption in the ongoing post-settlement administrative proceedings in the Gold Train Case and with Cuneo's relations with its co-counsel.

### Prayers for Relief

WHEREFORE, Cuneo respectfully seeks the entry of a declaration from this Court that:

(1)   Mr. Joseph materially breached the March 15, 2002 Settlement Agreement with Cuneo;

(2)   Mr. Joseph, because of the material breaches, loses his right to be paid a percentage of the Leatherman Case; and

(3)   Mr. Joseph pay fees and costs as appropriate.

February 14, 2008                                   Respectfully submitted,

STEIN, MITCHELL & MEZINES, L.L.P.

_____
Jacob A. Stein, D.C. Bar No. 052233

1100 Connecticut Avenue, N.W., # 1100
Washington, DC 20036
(202) 737-7777 * Fax (202) 296-8312
E-Mail: jstein@steinmitchell.com

7

CUNEO GILBERT & LADUCA, LLP

*/s/ Jonathan W. Cuneo/DWS*

Jonathan W. Cuneo, D.C. Bar No. 939389
David W. Stanley, D.C. Bar No. 174318
Michael G. Lenett, D.C. Bar No. 425592
507 C Street, N.E.
Washington, DC 20002
(202) 789-3960 * Fax (202) 789-1813
E-Mail: jonc@cuneolaw.com

8

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

The Cuneo Law Group, P.C., et al.

## DEFENDANTS

Joel D. Joseph

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Washington, DC
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY) _____
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Jacob A. Stein
Stein, Mitchell & Mezines, LLP
1100 Connecticut Avenue, NW
(202) 737-7777

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ● 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A.** *Antitrust*

☐ 410 Antitrust

○ **B.** *Personal Injury/Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

● **E.** *General Civil (Other)*                OR                ○ **F.** *Pro Se General Civil*

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ◉ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding ○ 2 Removed from State Court ○ 3 Remanded from Appellate Court ○ 4 Reinstated or Reopened ○ 5 Transferred from another district (specify) ○ 6 Multi district Litigation ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. Section 2201 (Seeking Declaratory Relief)

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in complaint
JURY DEMAND:    YES ☐    NO ☐

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☒    NO ☐    If yes, please complete related case form.

DATE Feb. 14, 2008    SIGNATURE OF ATTORNEY OF RECORD _____

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.