UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C., <br><br> and <br><br> JONATHAN W. CUNEO, <br><br> Plaintiffs, <br> v. <br><br> JOEL D. JOSEPH, <br><br> Defendant. | Case No. 08-00253 (RBW) |

## FIRST AMENDED COMPLAINT FOR DECLARATORY RELIEF

(Material Breach of Settlement Agreement – Defendant
Loses His Settlement Agreement Rights)

1. Plaintiffs seek a declaration of rights of the parties under 28 U.S.C. § 2201, the Federal Declaratory Judgment Act, and Rule 57 of the Federal Rules of Civil Procedure.

2. The central issues are defendant's material breaches of a March 15, 2002 settlement agreement, and his loss of his rights under the settlement agreement.

3. The settlement agreement in question resolved a civil action before this Court entitled *Joseph, et al. v. Cuneo Law Group, P.C., et al.*, Civil No. 01-cv-01755 (RBW) ("the Lawsuit").

4. The parties to the Lawsuit are the same as the parties to the present case.

1

## The Parties

5. Plaintiff The Cuneo Law Group, P.C., is a District of Columbia Professional Corporation and thereby a Citizen of the District of Columbia.

6. Plaintiff Jonathan W. Cuneo is an individual Citizen of the District of Columbia. He holds an interest in The Cuneo Law Group, P.C. Mr. Cuneo and The Cuneo Law Group are referred to collectively as "Cuneo."

7. The defendant, Joel D. Joseph, on information and belief, is not a Citizen of the District of Columbia, until recently was a Citizen of Maryland and is now a Citizen of California.

## Jurisdiction and Venue

8. This Court has jurisdiction of this the Lawsuit. There is diversity of citizenship under 28 U.S.C. § 1332. The two plaintiffs are diverse from the defendant. The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000).

9. Venue is proper in this jurisdiction and this Court has personal jurisdiction over Mr. Joseph. The contract at issue was executed on March 15, 2002, in the District of Columbia. The litigation that preceded the settlement was in this Court and concerned Mr. Joseph's employment in the District of Columbia. Mr. Joseph previously sought to enforce the contract in this Court.

10. Declaratory relief is proper under 28 U.S.C. § 2201. There is an actual controversy between the parties that is immediate and ripe.

11. There is no other litigation pending in federal or state court that would resolve the rights of the parties

## Factual Allegations

12. In early 2000, Mr. Joseph was engaged by The Cuneo Law Group, P.C., the predecessor firm of Cuneo Gilbert & Laduca, LLP, to work at its offices in the District of Columbia.

13. On August 5, 2001, the firm received notice of a District of Columbia garnishment of any fees Cuneo owed to Mr. Joseph.

14. Cuneo in conformance with the garnishment notice was obligated to delay payment of the money owed to Mr. Joseph.

15. Mr. Joseph wanted the money despite the garnishment notice and he filed the Lawsuit in this Court on August 20, 2001, claiming the money and asserting a breach of the Cuneo employment contract.

16. Mr. Joseph wrongfully attempted to implement his claim by filing liens in Cuneo's pending cases and contacting Cuneo's various co-counsel.

17. Cuneo moved to dismiss the Complaint. Thereafter the Lawsuit was settled by an agreement dated March 15, 2002, referred to herein as "the Settlement Agreement."

18. The parties filed a praecipe of dismissal, which was followed by the Court's dismissal on April 2, 2002.

19. Cuneo, in conformity with the Settlement Agreement, promptly disbursed to Mr. Joseph the funds to which he was initially entitled.

20. The Settlement Agreement also provided that Mr. Joseph was to receive 20 percent (20%) of Cuneo's net fees, if any, in three (3) then-pending plaintiffs' contingency fee cases, referred to as the Gold Train Case, the Leatherman Case, and the Kwikset Case.

21. To prevent any further interference, Cuneo insisted on a provision in the Settlement Agreement that Mr. Joseph would "make no attempt to interfere with the pending cases or cases that follow, nor . . . attempt to file liens or notices of claim, or correspond with the litigants. If he does he has breached the agreement and waives his percentages."

22. Mr. Joseph also agreed in writing "to release all liens" and "not file any independent fee applications" and to "cooperate" with Cuneo "reasonably in the prosecution of these cases."

23. In early January 2006, Cuneo received payment in the first of the three cases, the Gold Train Case.

24. Cuneo, within days of receiving this disbursement, forwarded to Mr. Joseph or his assigns full payment of Mr. Joseph's share of the fees. Mr. Joseph accepted the amount paid as full payment of his percentage under the Settlement Agreement.

25. Mr. Joseph had no more claims. Nevertheless, Mr. Joseph wrongfully asserted monetary interests to which he was not entitled

26. Mr. Joseph, in breach of the Settlement Agreement, corresponded with Cuneo's co-counsel in the Gold Train case, Hagens Berman Sobol & Shapiro, LLP, of Seattle, Washington, and Dubbin & Kravetz, LLP, of Miami, Florida, demanding and noticing a claim for additional fees.

27. Mr. Joseph's notice of claim for additional fees in the Gold Train Case substantially and materially interfered with the continuing prosecution and administration of that action.

28. Furthermore Mr. Joseph threatened to disrupt relations between Cuneo and its co-counsel in the case.

29. Cuneo, upon learning of these demands, caused a letter to be sent to Mr. Joseph advising Mr. Joseph that his demands to Cuneo's co-counsel breached the Settlement Agreement.

30. Mr. Joseph persisted in his pattern of breaching his written agreements to cooperate and cease his interference.

31. Mr. Joseph went further in breach of his written agreements. He sued Cuneo's co-counsel in federal court in Florida seeking additional fees in the Gold Train Case, to which he, Mr. Joseph, was not entitled.

32. The Florida case was assigned to the same Federal Judge who oversaw the Gold Train Case, The Honorable Patricia Seitz.

33. In order to preserve Cuneo's good relations required for the successful administration of the Gold Train Case, Cuneo agreed to fully indemnify Cuneo's co-counsel for fees and costs and any judgment Mr. Joseph might obtain.

34. The Florida federal court initially dismissed Mr. Joseph's lawsuit.

35. Mr. Joseph then sought to amend his complaint to allege a multi-million dollar claim against the Hagens Berman firm on the ground that it tortiously interfered with Mr. Joseph's contractual relationship with Cuneo.

36. The district court dismissed that claim as well. The suit was settled to avoid the delay and expense of defending an appeal.

37. Mr. Joseph in 2006, in this Court again continued his pattern of intentionally interfering with the Gold Train Case.

38. Mr. Joseph filed a motion (not a complaint) in this Court using the caption of the terminated Lawsuit, for future settlement funds, claiming he was entitled to a share of a costs

reserve to cover the out-of-pocket expenses of all Gold Train plaintiffs' firms in the ongoing five-year settlement process of the Gold Train class action and other post-settlement administrative expenses.

39. Mr. Joseph's aforesaid pattern of misconduct was a further breach of the Settlement Agreement.

40. This Court denied Mr. Joseph's claim on October 16, 2006.

41. On February 12, 2008, Cuneo received payment in the Leatherman Case.

42. Mr. Joseph has lost his entitlement to any share in the fee in the Leatherman Case, which he would have had if he had not breached his obligations, as aforesaid, in the Settlement Agreement.

### Right to Declaratory Relief

43. All preceding paragraphs are incorporated herein.

44. Cuneo is entitled to declaratory relief under 28 U.S.C. § 2201 based on Mr. Joseph's material violations of the Settlement Agreement.

45. Mr. Joseph materially violated the Settlement Agreement by (1) interfering with the Gold Train Case, (2) making unjustified monetary claims to which he was not entitled in the Gold Train Case, (3) failing to cooperate reasonably in the prosecution of the Gold Train Case, and (4) corresponding with the litigants in the Gold Train Case by and through the following actions, among others:

A. Noticing a claim for attorneys' fees from Cuneo's co-counsel in the Gold Train Case, despite the fact that Mr. Joseph had already been fully paid his percentage of Cuneo's fees in that case pursuant to the Settlement Agreement;

B. Refusing to cooperate in the prosecution of the Gold Train Case, and affirmatively disrupting the case, and failing to withdraw his claim to additional fees, even after he was notified of his breach of the Settlement Agreement;

C. Filing a baseless lawsuit against Cuneo's co-counsel in the Gold Train Case, causing further interference with the prosecution of that action and with the relations of Cuneo with its co-counsel, necessitating an agreement by Cuneo to indemnify its co-counsel in order to resume good relations with such co-counsel and a successful prosecution of the case; and

D. Filing a frivolous motion claiming costs in the Gold Train Case, despite the fact that the settlement does not entitle Joseph to any costs, and causing yet another disruption in the ongoing post-settlement administrative proceedings in the Gold Train Case and with Cuneo's relations with its co-counsel.

### Prayers for Relief

WHEREFORE, Cuneo respectfully seeks the entry of a declaration from this Court that:

(1) Mr. Joseph materially breached the March 15, 2002 Settlement Agreement with Cuneo;

(2) Mr. Joseph, because of the material breaches, loses his right to be paid a percentage of the Leatherman Case; and

(3) Mr. Joseph pay fees and costs as appropriate.

February 26, 2008                    Respectfully submitted,

                                          STEIN, MITCHELL & MEZINES, LLP

                                          /s/ Jacob A. Stein
                                          Jacob A. Stein, D.C. Bar No. 052233

                                          1100 Connecticut Avenue, N.W., # 1100
                                          Washington, DC 20036
                                          (202) 737-7777 * Fax (202) 296-8312
                                          E-Mail: jstein@steinmitchell.com

                                          CUNEO GILBERT & LADUCA, LLP

                                          /s/ Jonathan W. Cuneo
                                          Jonathan W. Cuneo, D.C. Bar No. 939389
                                          David W. Stanley, D.C. Bar No. 174318
                                          Michael G. Lenett, D.C. Bar No. 425592
                                          507 C Street, N.E.
                                          Washington, DC 20002
                                          (202) 789-3960 * Fax (202) 789-1813
                                          E-Mail: contact@cuneolaw.com