UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CUNEO LAW GROUP, P.C. | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JONATHAN W. CUNEO | ) | |
| | ) | |
| v. | ) | Case No. 08-00253 (RBW) |
| | ) | |
| JOEL D. JOSEPH, | ) | |
| | ) | |
| Defendant | ) | |

## MOTION FOR A PRELIMINARY INJUNCTION

Defendant moves, pursuant to Rule 65 of the Federal Rules of Civil Procedure,

for a preliminary injunction to require plaintiffs to deposit immediately the total amount

received concerning the *Leatherman* case into the court's registry.  Defendant submits a

statement of points and authorities in support of this motion, as well as the verified

answer and counterclaim with exhibits.


_____
JOEL D. JOSEPH, Pro Se
1717 Fourth St., Third Floor
Santa Monica, CA 90401
(310) 394-6600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE CUNEO LAW GROUP, P.C.    )
                             )
            and              )
                             )
JONATHAN W. CUNEO            )
                             )
            v.               )   Case No. 08-00253 (RBW)
                             )
JOEL D. JOSEPH,              )
                             )
            Defendant        )

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THE MOTION FOR A PRELIMINARY INJUNCTION**

The United States Court of Appeals for the D.C. Circuit has stated the familiar standard for the award of a preliminary injunction.  When deciding whether to grant a preliminary injunction. the district court must examine whether "(1) there is a substantial likelihood plaintiff will succeed on the merits; (2) plaintiff will be irreparably injured if an injunction is not granted; (3) an injunction will substantially injure the other party; and (4) the public interest will be furthered by the injunction." *Wash. Metro. Area  Transit Comm'n v. Holiday Tours, Inc.,* 559 F.2d 841, 843 (D.C. Cir. 1977)).

A court must balance these factors, and  "[i]f the arguments for one factor are particularly strong, an injunction may issue even if the arguments in other areas are rather weak." *City Fed Fin. Corp. v. Office of Thrift Supervision,* 58 F.3d 738, 746 (D.C. Cir.1995)). *Ellipso, Inc. v. Mann*, 480 F.3d 1153, 1157 (D.C. Cir. 2007).

Defendant contents that all four factors weigh on his side of this case, and in order to preserve the status quo, the injunction should be granted.

### I.    Likelihood of Prevailing on the Merits

The defendant has a very high likelihood of prevailing on the merits of his claim under

the contract.    The contract clearly provides, and is attached to defendant's verified answer, that

Cuneo is responsible for paying Joseph 20% of the amount that he or his firm received for the

*Leatherman* case.  Cuneo admits that he received payment on February 12, 2008 and

immediately filed this action seeking a declaration that a provision of the contract voids entirely

Joseph's interest.

The agreement is clear on its face that Joseph did not violate its terms.  Cuneo claims that

Joseph violated the provision that he not "correspond with the litigants."  Cuneo claims that

Joseph corresponded with **lawyers**, not litigants.  Litigants are parties to an action, not their

lawyers.  Cuneo also claims that Joseph somehow interfered with the pending cases.  The *Gold*

*Train* case was settled, not pending, when Joseph sought compensation from co-counsel for work

that he performed on the case.  According to PACER, Case No. 1:01-cv-01859-PAS *Rosner, et*

*al v. United States*, was terminated on September 29, 2005.   Cuneo admits disbursement to

Joseph of the Gold Train settlement in January, 2006.  The Gold Train case was not pending

after September 29, 2005.

### A.  Ambiguities in Contracts Are Construed Against Their Drafters

 Joseph verified that Mr. Cuneo's attorney drafted the agreement in question.   The canon

of construction known as *contra proferentum* – that ambiguities in a contract should be construed

against the party who drafted the contract.  *United States v. Ins. Co. of N. Am.,* 327 U.S. App.

D.C. at 389 n.11, 131 F.3d at 1043 n.11.

In *American Airlines v. Wolens*, 513 U.S. 219, 248 (1995), Justice O'Connor, writing for

court stated, "If the court finds the language to be ambiguous, it might invoke the familiar rule

that the contract should be construed against its drafter, and thus that respondents should receive

the benefit of the doubt. See 2 E. Farnsworth, Farnsworth on Contracts § 7.11, pp. 265-268

(1990) (hereinafter Farnsworth)."   Williston on Contracts agrees with Farnsworth.  11 SAMUEL

WILLISTON & RICHARD A. LORD, A TREATISE ON THE LAW OF CONTRACTS § 32:12 at 471-72

(4th ed. 1999) ("Since the language is presumptively within the control of the party drafting the

agreement, it is a generally accepted principle that any ambiguity in that language will be

interpreted against the drafter."

Since Joseph reasonably believed that he had every right to contact his co-attorneys, and

not litigants, the contract should be so construed.  He obviously did not interfere in the case,

since the case was already settled and terminated.

**B.   Voiding the Agreement Because of a Minor Breach Constitutes an Unreasonable**

**Liquidated Damages Penalty and is Therefore Void**

A five dollar late fee for late payment of a cable bill was found to be an illegal liquidated

damages penalty in the District of Columbia.  *District Cablevision v. Bassin*, 828 A.2d 714;

51 U.C.C. Rep. Serv. 2d (Callaghan) 149 (D.C. Court of Appeals, 2003).  In the *Bassin* case the

D.C. Court of Appeals ruled,

> For a liquidated damages clause to be valid and enforceable, and
> not void as a penalty, the common law insists that "the liquidated
> damages must not be disproportionate to the level of damages
> reasonably foreseeable at the time of the making of the contract."
> *Counsel v. Hogan*, 566 A.2d 1070, 1072 (D.C. 1989).
> "Agreements to pay fixed sums plainly without reasonable relation
> to any probable damage which may follow a breach will not be
> enforced." *Order of AHEPA v. Travel Consultants, Inc.,* D.C. 367
> A.2d 119 (D.C. 1976) (citations omitted).  Where liquidated
> damages provision is "designed to make the default of the party
> against whom it runs more profitable to the other party than
> performance would be, it will be void as a penalty." *Id*. And "when
> a contract specifies a single sum in damages for any and all
> breaches even though it is apparent that all are not of the same

gravity, the specification is not a reasonable effort to estimate damages; and when in addition the fixed sum greatly exceeds the actual damages likely to be inflicted by a minor breach, its character as a penalty becomes unmistakeable." *Lake River Corp, v. Carborundum Co.,* 769 F.2d 1284, 1290 (7th Cir. 1985." 2003 D.C. App. Lexis 471 at 22.

The penalty at issue in this case is whether voiding a $500,000 fee constitutes an illegal penalty. What was the actual cost to Cuneo of alleged breaches by Joseph?  Joseph verifies that he received a settlement of $12,500 from co-counsel in the *Gold Train* case.  That, at most, is the actual damage suffered by Cuneo.  Since Cuneo had no legal obligation to pay this amount, he and his firm were not damaged in any way.

Total forfeiture of approximately $500,000 in fees bears no reasonable relationship to the actual costs incurred by Cuneo, and must therefore be held to be an illegal penalty.

The District of Columbia Code provides for injunctive relief "against the use of unlawful trade practices."  D.C. Code Section 28-3905(k)(1)(D).  The District of Columbia Court of Appeals found that unreasonable liquidated damages provisions are an illegal trade practice. *Bassin, supra*.  Therefore, an injunction against plaintiffs' wrongful and illegal liquidated damages provision is authorized by statute.

### III.   Irreparable Injury

Defendant fears that Cuneo et al. will make the funds that they have taken unavailable for collecting on a judgment, depriving defendant of an adequate remedy at law.   Plaintiffs concerning the holding of defendant's funds of approximately $500,000, are serving as trustees over those funds.  In order the preserve the corpus of this trust, this court should order the funds deposited into the court registry.

Defendant's fear is reasonable.  Plaintiff's counsel told defendant that "you never know whether a law firm that depends on contingency fees has money."  Mr. Stein told me this when

he explained that Cuneo needed to agree to make several payments concerning the settlement of this matter which resulted in the settlement agreement that is the crux of this case.

The Cuneo firm relies substantially on the receipt of contingent fees and thus defendant may not have an adequate remedy at law.

### IV.    Harm to Plaintiffs

Plaintiffs will suffer no harm if they have to deposit money owed to defendant into the court registry.  In the unlikely event that plaintiffs prevail, the court will preserve the funds.

### V.    Where Lies the Public Interest

The public interest lies in preventing a larger firm from taking advantage of a smaller one.  The public interest also lies in invalidating unfair and unreasonable liquidated damages provisions.  The court in *Bassin, supra*, noted, "where there is a disparity of bargaining power and one party unilaterally imposes a liquidated damages provision. . . . skepticism (bordering, it has been suggested, on outright hostility) shown by the common law to liquidated damages is at its height." *Id* at 21.  The public interest lies in requiring plaintiff to deposit money held for defendant into the court registry.

Respectfully submitted,

_____
JOEL D. JOSEPH, Pro Se
1717 Fourth St., Third Floor
Santa Monica, CA 90401
(310) 394-6600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE CUNEO LAW GROUP, P.C.      )
                                   )
           and               )
                                   )
JONATHAN W. CUNEO         )
                                 )
          v.                ) Case No. 08-00253 (RBW)
                                 )
JOEL D. JOSEPH,            )
                                 )
           Defendant     )

PRELIMINARY INJUNCTION

Defendant has moved, pursuant to Rule 65 of the Federal Rules of Civil Procedure, for a preliminary injunction to require plaintiffs to deposit immediately the total amount received concerning the *Leatherman* case into the court's registry.

In order to preserve the *status quo,* and because defendant has met his burden for issuance of an injunction,

Plaintiffs shall deposit into the court registry $2.5 million within five days.  No bond shall be required, as the court registry will protect plaintiffs' interests.

_____
UNITED STATES DISTRICT COURT JUDGE