UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C. ) | |
| ) | |
| and ) | |
| ) | |
| JONATHAN W. CUNEO ) | |
| ) | |
| v. ) | Case No. 08-00253 (RBW) |
| ) | |
| JOEL D. JOSEPH, ) | |
| ) | |
| Defendant ) | |

**DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO THE MOTION FOR A PRELIMINARY INJUNCTION**

### I.    Introduction

Plaintiffs opposed defendant's motion for a preliminary injunction, but submitted no affidavits in support of their opposition. Defendant's verified answer and counterclaim was submitted in support of his motion for a preliminary injunction. Since there was no verified response, defendant's statement of facts must be accepted as true. "A preliminary injunction may be granted upon affidavits." *Ross-Whitney Corp. v. Smith Kline & French Laboratories*, 207 F.2d 190, 198 (9th Cir. 1953). Courts have ruled that "on an application for TRO or preliminary injunction, affidavits need not meet the standards set forth in Federal Rule of Evidence 56(e) or the Federal Rules of Evidence." *Arthur J. Gallagher & Co. v. Edgewood Partners Ins.*, 2008 U.S. Dist. LEXIS 8924 at 8. (N.D. Ca. 2008).

Nevertheless, the underlying facts are not substantially in dispute. Plaintiffs settled a case with defendant agreeing to pay defendant 20% of the proceeds from three cases. Plaintiffs have received the money ($2.3 million) for one case, yet seek a declaration that they are not required to pay defendant *any* part of the proceeds. Plaintiffs claim that defendant somehow

1

breached the settlement agreement by filing a lawsuit against co-counsel in Florida. However, nothing in the agreement, an agreement drafted by plaintiffs, expressly prohibits such action.

## II.   An Injunction Freezing Assets is Appropriate in this Case

The plaintiffs admit that where a party demonstrates an equitable claim to assets that an injunction freezing assets is appropriate. Page 1 of Defendants' Opposition, citing *Ellipso , Inc. v. Mann,* 480 F.3d 1153, 1160 (D.C.Cir. 2007), citing *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.,* 527 U.S. 308 (1999).

In *Ellipso, supra*, the court expressly stated, "An injunction freezing assets is only permissible when a party has demonstrated an equitable claim to the assets." 480 F.3d at 1160. The defendant is demonstrating in this reply memorandum that he has such an equitable claim to the assets in question.

In *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., supra*, the Supreme Court stated that the question before the court was: "This case presents the question, whether, ***in an action for money damages,*** a United States District Court has the power to issue a preliminary injunction preventing the defendant from transferring assets ***in which no lien or equitable interest is claimed.***" 527 U.S. 308 (1999 (emphasis added). First of all, the complaint in this case was an action for a declaratory judgment, not for money damages. The counterclaim may be for money damages, but that does not change the nature of the complaint as filed. Secondly, defendant does have an equitable interest in the money at issue.

Defendant has an equitable claim to the funds received concerning the *Leatherman* payment. Exhibit A, attached to Defendant's verified answer and counterclaim provides in paragraph 1, "Joel Joseph shall receive twenty percent of Cuneo Law Group, P.C.'s net nets in the Gold Train, Leatherman, and Kwikset cases . . . ." This agreement provides the basis for

defendant's equitable claim to the proceeds from the *Leatherman* proceeds.  See also paragraph 20 of plaintiffs' complaint.  Paragraph 41 of Plaintiffs' complaint admits that "On February 12, 2008, Cuneo received payment in the Leatherman Case."  That was more than one month ago and defendant has not received his share of the payment.

The California Supreme Court has ruled that a contingent fee agreement vests in the attorney an equitable interest in the cause of action and the proceeds therefrom.  *Jones v. Martin*, 41 Cal. 2d 23, 256 P.2d 905 (California Supreme Court, 1953).   The court in *Jones* ruled, "A contingent fee agreement vests the attorney with an equitable interest in that part of the client's cause of action which is agreed upon as the contingent fee.  This proposition may be given practical effect by the imposition of a constructive trust for the protection of the attorney's equitable interest . . . ."  256 P.2d at 907.  California law applies in this case because the *Leatherman* case was litigated in California in state courts.  See *Colgan v. Leatherman Tool Group, Inc.*, 2006 Cal. App. LEXIS 123 (2006).    Plaintiffs' contract with defendant was in the nature of a contingent-fee agreement because is provided that defendant "shall receive 20% of Cuneo Law Group P.C.'s net fees in Gold Train, Leatherman, and Kwikset cases . . . ."  Paragraph one of Exhibit A.

Plaintiffs failed to disclose to the court how much the payment was for concerning the *Leatherman* case.  Jacob Stein, counsel for plaintiffs, confirmed to defendant that the Cuneo firm received $2,300,620 as full payment for its legal services thus far in the *Leatherman* case.  Stein claims that out-of-pocket expenses were $109,638 (including a $10,000 reserve for unpaid bills).  See Defendant's Exhibit 1 attached to this memorandum.  Defendant notes that this communication was a settlement offer from plaintiffs, and has omitted page two of the letter in question that includes the settlement offer.  Rule 408 of the Federal Rules of Evidence provides

that evidence of offering a compromise is not admissible. Defendant is not seeking admission of plaintiff's offer of settlement, only the underlying facts of the amount received by Cuneo. Rule 408 provides: "This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations." Clearly the amount received by Cuneo is discoverable, and frankly should have been provided to the court in the original complaint. Defendant also provides a declaration affirming that the letter from Jacob Stein is the one that he received in the ordinary course of business.

Further, the $10,000 "reserve" was not authorized by the agreement between the parties. Unlike the "reserve" in the Gold Train case, the *Leatherman* case is completely over, paid and satisfied and dismissed. In addition, the $50,000 reserve held in the Gold Train case has never been paid, despite the fact that the case was terminated more than two years ago. This evidences Cuneo's intent to convert funds owed to Joseph, providing further evidence that the preliminary injunction requiring the funds to be deposited in the court registry should be granted.

### III.    This Case is in the Nature of an In Rem Proceeding and is an Equitable Proceeding

The complaint filed in this case is a declaratory judgment action, not an action for money damages. It is in the nature of an *in rem* proceeding or a *quasi in rem* proceeding. *Cuneo et al*. came before the court, asking for a declaration that they could keep the $2.3 million at dispute because of a liquidated damages clause in the agreement. A declaratory judgment action was unknown at common law, and is clearly a request for equitable relief.

"*In rem*" is a Latin phrase meaning "against or about a thing," referring to a lawsuit or other legal action directed toward property, rather than toward a particular person. Thus, if title

4

to property is the issue, the action is "in rem."  Cuneo was seeking clear title to the $2.3 million at issue.  That amount of money is the *res*, or the thing, that Cuneo sought to have determined.

Another way of looking at the *res*, or the $2.3 million, is that it is held in a constructive trust.  The Supreme Court has noted that cases of this nature are *in rem* or *quasi in rem* proceedings.  *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 at 312 (1950).  In that case the Supreme Court noted, "Judicial proceedings to settle fiduciary accounts have been sometimes termed *in rem*, or more indefinitely *quasi in rem*, or more vaguely still, 'in the nature of a proceeding *in rem*.'" *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 at 312.

Rule E, supplement to Title 28, United States Code, provides rules for action *in rem* and *quasi in rem*.  Rule E (2)(b) provides that "the court may, on the filing of the complaint or the appearance of defendant, claimant, or any other party, or at any later time, require the plaintiff, defendant, claimant or other party to give security, or additional security, in such sun as the court shall direct to pay all costs and expenses that shall be awarded against the party by any interlocutory order or by the final judgment, or on appeal by any appellate court."  This rule clearly contemplates requiring the party holding the *res* to deposit it in court, or to post security therefore so that the court has the power to act on the declaratory judgment, and to provide appropriate equitable relief to the parties.

## IV.    Conclusion

This is a case where a preliminary injunction should be issued to preserve the status quo.  Cuneo came to the court knowing that he receiving funds that may belong to defendant.  Requiring Cuneo to deposit the disputed funds in the court registry will protect the interests of all parties to the case.  If the court decides that depositing the entire $2.3 million is not fair and just,

the court can require Cuneo to deposit the portion of that total, 20%, or $460,000 that is held for defendant. For all of these reasons, the preliminary injunction should be granted.

/s/ Joel D. Joseph

_____
Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C. ) | |
| ) | |
| and ) | |
| ) | |
| JONATHAN W. CUNEO ) | |
| ) | |
| v. ) | Case No. 08-00253 (RBW) |
| ) | |
| JOEL D. JOSEPH, ) | |
| ) | |
| Defendant ) | |

## **DECLARATION OF JOEL D. JOSEPH**

I, Joel D. Joseph, affirm, under the penalties for perjury, that the following statements are accurate and truthful:

1. I am the defendant in the above-captioned case.

2. In the course of business I received via email the attached letter from Jacob Stein marked as Defendant's Exhibit 1.

3. The amount stated in the letter as total received in the *Leatherman* case appears to be accurate.

_____
JOEL D. JOSEPH

LAW OFFICES

# STEIN, MITCHELL & MEZINES
L.L.P.

1100 CONNECTICUT AVE., N.W., STE. 1100
WASHINGTON, D. C. 20036

GLENN A. MITCHELL
JACOB A. STEIN
GERARD E. MITCHELL
ROBERT F. MUSE
DAVID U. FIERST
RICHARD A. BUSSEY
ROBERT L. BREDHOFF
CHRISTOPHER H. MITCHELL
ANDREW M. BEATO
LAURIE A. AMELL
DENIS C. MITCHELL
ARI S. CASPER
JOSHUA A. LEVY

OF COUNSEL
GEORGE ANTHONY FISHER
KERRIE C. DENT
RETIRED
BASIL J. MEZINES

March 6, 2008

TELEPHONE: (202) 737-7777
TELECOPIER: (202) 296-8312
www.SteinMitchell.com

Via E-Mail: joeldjoseph@gmail.com

Joel D. Joseph, Esq.
1717 Fourth Street, 3rd Floor
Santa Monica, CA 90401

Re:  The Cuneo Law Group, P.C. and Jonathan W. Cuneo
v. Joel D. Joseph -- No. 1:08-cv-00253-RBW,
U.S. Dist. Ct., D.C. (Our Ref: 545)

Dear Mr. Joseph:

I have your electronic mail of February 29, 2008 and your answer to the amended complaint, your counterclaim and motion. This response is to be treated as a privileged communication under Federal Rule of Evidence 408 and any other rule protecting what occurs in a negotiation from use in any litigation or arbitration.

On February 12, 2008, the Cuneo firm received a payment of $2,300,620 as full payment for its legal services thus far in the *Leatherman* case. Its out-of-pocket expenses are $109,638 (including a $10,000 reserve for unpaid bills). This leaves net fees of $2,190,982. Your share would have been $438,196.40.

As you know by our papers we assert you waived whatever rights you had to any percentage of Cuneo's fees for both the *Leatherman* case and the *Kwikset* case. We contend that your breach was material. We refer you to *3511 13th Street Tenants Ass'n v. 3511 13th Street, N.W. Residences, LLC*, 922 A. 2d 439 (D.C. 2007). Your suit against its co-counsel in the *Gold Train* case breached the