UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C. | ) |
| and | ) |
| JONATHAN W. CUNEO | ) |
| v. | ) Case No. 08-00253 (RBW) |
| JOEL D. JOSEPH, | ) |
| Defendant | ) |

**MOTION FOR A PARTIAL SUMMARY JUDGMENT**

Defendant moves, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for partial summary judgment. Defendant seeks a judgment against plaintiffs for 20% of the amount recovered in the Leatherman case or $460,000, plus interest and costs.

_____
JOEL D. JOSEPH, Pro Se
1717 Fourth St., Third Floor
Santa Monica, CA 90401
(310) 394-6600

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE CUNEO LAW GROUP, P.C.  )
                            )
        and                 )
                            )
JONATHAN W. CUNEO           )
                            )
        v.                  )  Case No. 08-00253 (RBW)
                            )
JOEL D. JOSEPH,             )
                            )
        Defendant           )

# DEFENDANT'S STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE ISSUE

1. Defendant did not violate the settlement agreement in any material way.

2. Cuneo did not pay Joseph 20% of the amount recovered in the Leatherman case as agreed.

3. Joseph is entitled to interest since Cuneo was paid $2.3 million for the Leatherman case on February 12, 2008.

4. The Gold Train case was final when Joseph first contacted Cuneo's co-counsel.

5. Joseph did not interfere with any of the three cases involved in the settlement agreement.

6. Cuneo had no authorization for holding back money once a case was settled.

7. The *Gold Train* case and the *Leatherman* cases were settled.

8. Cuneo wrongfully withheld moneys in the *Gold Train* case and is wrongfully withholding money in the *Leatherman* case.

/s/ Joel D. Joseph
_____
JOEL D. JOSEPH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C. )<br>)<br>and )<br>)<br>JONATHAN W. CUNEO )<br>)<br>v. )<br>)<br>JOEL D. JOSEPH, )<br>)<br>        Defendant ) | Case No. 08-00253 (RBW) |

## DECLARATION OF JOEL D. JOSEPH

I, Joel D. Joseph, affirm, under the penalties for perjury, that the following statements are accurate and truthful:

1. I am the defendant in the above-captioned case.

2. During the past two years I have received numerous telephone calls and letters seeking to collect payments for long distance telephone calls concerning MCI service that was the subject of the lawsuit The Cuneo Group was retained to represent me for.

3. The Federal Communications Commission ruled that MCI's long distance charges of approximately $3.00 per minute were not approved, and thus were illegal.

4. The Cuneo Group failed to obtain a fair result in representing me and the class.

5. The settlement for $88 million, including $25 million for attorneys fees, reimbursed plaintiffs for only about 20% of the overcharges made by MCI.

6. After I signed the settlement agreement with Jonathan Cuneo, I did not correspond with any litigants in Kwikset, Leatherman or the Gold Train cases.

7. "Litigant" means to mean a party to the action. According to *Websters II, New Riverside University Dictionary,* Riverside Publishing Company, 1984, a litigant is "a party engaged in a lawsuit." Page 698.

8. I did not interfere in the Leatherman, Kwikset or Gold Train case, and in fact, I assisted Samuel Dubbin in research for those cases (for which I was never paid).

9. I did not file liens or notices of claims after the settlement agreement was entered into.

10. I did not breach the settlement agreement in any way.

11. I have suffered a lack of sleep and anxiety from Cuneo's failure to pay me my share of the Leatherman settlement and worry that Cuneo will not pay me for my share of the Kwikset settlement or judgment.

12. Cuneo told me several years ago that I should be able to retire in style after receiving the Leatherman and Kwikset settlements.

13. As a direct and proximate result of Cuneo intentionally failing to pay what he owes me under the settlement agreement, I often wake up in the middle of the night concerned that I will not be able to afford retirement. I am turning 60 in May, so I am very concerned about being able to pay for my retirement.

I affirm under the penalties for perjury that the above statements are accurate and truthful.

*/s/ Joel Joseph*

_____
JOEL D. JOSEPH