UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CUNEO LAW GROUP, P.C., *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. 08-00253 (RBW) |
| | ) | |
| JOEL D. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER CANCELING
AND RELEASING CERTAIN NOTICES OF *LIS PENDENS*
FILED BY JOEL D. JOSEPH**

The plaintiffs move the court to enter an order canceling and releasing certain notices *lis pendens* filed by Joel D. Joseph.

As shown by plaintiffs' memorandum of points and authorities, the two *lis pendens* notices (**Exhibits A and B**), identical except for the property described, should be canceled and released because they do not qualify under D.C. Code § 42-1207 (**Exhibit C**), which identifies the elements necessary for the filing of a *lis pendens* notice.

In accordance with local rule LCvR 7(m), plaintiffs' counsel, by e-mail letter dated May 13, 2008, requested Joseph to withdraw the *lis pendens*. As of this filing, there has been no reply.

Respectfully submitted,

STEIN, MITCHELL & MEZINES, L.L.P.

  /s/  Jacob A. Stein
Jacob A. Stein, D.C. Bar No. 052233
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777 * Fax (202) 296-8312
E-Mail: jstein@steinmitchell.com
Counsel for Plaintiffs

May 23, 2008

**Certificate of Service**

I hereby certify that on May 23, 2008, the above (A) Plaintiffs' Motion for Entry of an Order Canceling and Releasing Certain Notices Of *Lis Pendens* Filed By Joel D. Joseph and (B) proposed Order, are being electronically filed via the Court's CM/ECF system, which system will serve defendant, Joel D. Joseph, Esq., 1717 Fourth Street, 3rd Floor, Santa Monica, CA 90401, e-mail joeldjoseph@gmail.com. Two copies of Plaintiffs' Motion are being hand delivered to Judge Reggie B. Walton, United States Courthouse, 333 Constitution Avenue, N.W., Chambers 6403 (Annex), Washington, DC 20001.

Jacob A. Stein

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CUNEO LAW GROUP, P.C., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-00253 (RBW) |
| | ) | |
| JOEL D. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFFS' MOTION TO CANCEL AND
## RELEASE NOTICES OF *LIS PENDENS*

Defendant Joel D. Joseph ("Joseph") has served on plaintiffs ("Cuneo") by email two notices of *lis pendens* purportedly in connection with this pending litigation. Joseph subsequently filed the notices with the Court. The notices are not in compliance with the applicable statute. Indeed, the notices are an abuse of the statute's requirements. Accordingly, Cuneo requests the Court to enter an order cancelling and releasing the notices.

Joseph's notices are identical except for the property described. One lists 647 East Capitol Street, S.E., Lot 0869, square 0823 (**Exhibit A**); the other lists 507 C Street, N.E., Lot 0838, Square 0804 (**Exhibit B**). The notices purport to be pursuant to D.C. Code, § 42-1207. Notice of pendency of action (lis pendens). Copy of the statute is attached as **Exhibit C**.

Section 1207(a) provides that "[t]he pendency of an action or proceeding in either state or federal court in the District of Columbia, or in any other state, federal or

territorial court, <u>affecting the title to or asserting a mortgage, lien, security interest, or other interest in real property</u> situated in the District of Columbia, does not constitute notice to, and shall not affect a party not a party thereto, unless a notice of the pendency of the action or proceeding is filed for recordation, as required by subsection (b) of this section." (Emphasis added.) The statute overrules and, in effect, replaces the common law doctrine of *lis pendens*. *Trustee 1245 13th Street, NW # 608 Trust v. Anderson*, 905 A.2d 181, 184-85 (D.C. 2006). Subsection (d) provides, in part, that "[w]hen appropriate, the court may also impose sanctions."[1]

In the recent case of *Heck v. Adamson*, 941 A.2d 1028 (D.C. 2008), the D.C. Court of Appeals considered the question whether and under what circumstances a court could cancel a notice of *lis pendens* filed pursuant to § 42-1207. The court's opinion describes the notice procedure as "designed to enable interested parties to discover the existence and scope of [pending] <u>litigation affecting property</u>." 941 A.2d at 1029 (internal quotation marks and citation omitted; emphasis added). The court reversed the trial court, which had vacated the notice. In doing so the Court made clear when it is that a *lis pendens* is proper and when it is improper. The court noted that "[i]f Heck's complaint sought <u>only monetary damages not affecting, even potentially, title to real estate,</u> discharge of the *lis pendens* notice would be proper. . . ." 941 A.2d at 1031 n.4 (citation omitted; emphasis added).

Joseph's Counterclaim is a claim for money damages. *See* Counterclaim, Request for Relief. Joseph's claims do not purport to affect title to real property. Therefore, his *lis*

---

[1] Cuneo reserves the right to request sanctions.

*pendens* notices are improper. Accordingly, Cuneo requests the Court to cancel and release the notices immediately without an adjudication of the pending case on the merits.

WHEREFORE, Cuneo respectfully requests that the motion be granted. A proposed Order is attached.

Respectfully submitted,

STEIN, MITCHELL & MEZINES, L.L.P.


    /s/ Jacob A. Stein
Jacob A. Stein, D.C. Bar No. 052233
1100 Connecticut Avenue, N.W., Suite 1100
Washington, D.C. 20036
(202) 737-7777 * Fax (202) 296-8312
E-Mail: jstein@steinmitchell.com
Counsel for Plaintiffs

May **23**, 2008

3

# Notice of Lis Pendens

To the Recorder of Deeds
515 D Street, NW
Washington, D.C. 20001

Pursuant to District of Columbia Code Section 42-1207, notice is hereby

given that Joel D. Joseph has a pending counterclaim against Jonathan W. Cuneo,

the Cuneo Law Group PC and Cuneo, Gilbert & LaDuca, LLP, Case No. 08-00253

in the United States District Court for the District of Columbia, in The Cuneo Law

Group, P.C., et al., v. Joel D. Joseph.  The counterclaim for $6.2 million was filed on

March 5, 2008.

This notice concerns the real property located at 647 East Capitol St. S.E.,

Washington, D.C., Lot 0869, Square 0823.

I affirm under the penalties for perjury, that the above information is

accurate and truthful.

JOEL D. JOSEPH

Subscribed and sworn to before me this 12th day of May, 2008.

NOTARY PUBLIC

State of California, County of Los Angeles
Subscribed and sworn (or affirmed) before me
on this 12th day of May, 20___,
by Ivania L. Rodriguez
personally _____ to me on the
basis of satis _____ to be the person(s)
who appeared before _____
Signature: _____

IVANIA L. RODRIGUEZ
COMM. # 1734323
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Oct. 27, 2011

# Notice of Lis Pendens

To the Recorder of Deeds
515 D Street, NW
Washington, D.C. 20001

Pursuant to District of Columbia Code Section 42-1207, notice is hereby given that Joel D. Joseph has a pending counterclaim against Jonathan W. Cuneo, the Cuneo Law Group PC and Cuneo, Gilbert & LaDuca, LLP, Case No. 08-00253 in the United States District Court for the District of Columbia, in The Cuneo Law Group, P.C., et al., v. Joel D. Joseph. The counterclaim for $6.2 million was filed on March 5, 2008.

This notice concerns the real property located at 507 C. Street, N.E., Washington, D.C., Lot 0838, Square 0804.

I affirm under the penalties for perjury, that the above information is accurate and truthful.

_____
JOEL D. JOSEPH

Subscribed and sworn to before me this 12th day of May, 2008.

_____
NOTARY PUBLIC

State of California. County of Los Angeles
Subscribed and sworn to (or affirmed) before me
on this 12th day of May, 20 08
by Ivania L. Rodriguez,
personally known to me
basis of satisfactory ... to be the person(s)
who appeared before me.
signature Ivania L. Rodriguez

IVANIA L. RODRIGUEZ
COMM. # 1776432
NOTARY PUBLIC - CALIFORNIA
LOS ANGELES COUNTY
My Comm. Expires Oct. 27, 2011

**EXHIBIT B**
Plaintiffs' Motion re *Lis Pendens*, May 2008

## § 42-1207. Notice of pendency of action (lis pendens) [Formerly § 45-906.1].

(a) The pendency of an action or proceeding in either state or federal court in the District of Columbia, or in any other state, federal, or territorial court, affecting the title to or asserting a mortgage, lien, security interest, or other interest in real property situated in the District of Columbia, does not constitute notice to, and shall not affect a party not a party thereto, unless a notice of the pendency of the action or proceeding is filed for recordation, as required by subsection (b) of this section.

(b) The notice referred to in subsection (a) of this section shall be in writing, signed by the plaintiff, defendant, other party to the action or proceeding, or by a counsel of record for such party, desiring to have the notice filed for recordation, and notarized, stating the:

(1) Name of the court in which the action or proceeding has been filed;

(2) Title of the action or proceeding;

(3) Docket number;

(4) Date of filing;

(5) Object of the filing;

(6) Amount of the claim asserted or the nature of any other relief sought;

(7) Name of the person whose estate is intended to be affected thereby; and

(8) Description of the real property sought to be affected.

(c) The Recorder of Deeds shall admit for filing and recordation all notices that meet the requirements of subsection (b) of this section. Such notices shall have effect from the time of the filing for recordation.

(d) If judgment is rendered in the action or proceeding against the party who filed the notice of the pendency, the judgment shall order the cancellation and release of the notice at the expense of the filing party as part of the costs of the action or proceeding. When appropriate, the court may also impose sanctions for the filing. In a case in which an appeal from such judgment would lie, the prevailing party shall not record the judgment until after the expiration of the latest of the following:

(1) The time in which an appeal may be filed;

(2) The time in which an appeal, which has been applied for, has been refused; or

(3) Final judgment has been entered by the appellate court from an appeal which was granted.

(e) If a notice of the pendency of an action or proceeding is filed for recordation and the debt or other relief for which the action or proceeding was brought is satisfied, it shall be the duty of the prevailing party to file for recordation a release of the notice of pendency of the action or proceeding within 30 days after the satisfaction.

(f) The Mayor shall promulgate regulations to implement the provisions of this section. The Mayor may, by regulation, establish reasonable fees for recordation of notices of lis pendens and may, by regulation, establish reasonable fees for releases of notices of lis pendens. (Act of Mar. 3, 1901, 31 Stat. 1277, ch. 854, § 556a, as added June 24, 2000, D.C. Law 13-129, §§ 2-3, 47 DCR 2684; 1981 Ed., § 45-906.1; Apr. 27, 2001, D.C. Law 13-292, § 1001, 48 DCR 2087.)

EXHIBIT C
Plaintiffs' Motion re *Lis Pendens*, May 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE CUNEO LAW GROUP, P.C., *et al.*,          )
                                              )
                      Plaintiffs,             )
              v.                              )          Case No. 08-00253 (RBW)
                                              )
JOEL D. JOSEPH,                               )
                                              )
                      Defendant.              )
_____       )

### ORDER GRANTING PLAINTIFF'S MOTION TO CANCEL
### AND RELEASE NOTICES OF *LIS PENDENS*

     The Court, having considered Plaintiffs' Motion To Cancel And Release Notices of *Lis*

*Pendens*, the opposition thereto, and the pleadings and papers in the above case, it is, this _____

day of _____, 2008,

     ORDERED that Plaintiffs' Motion is **GRANTED** and the *lis pendens* notices identified

in Plaintiffs' Motion are canceled and released.


                                        _____
                                        REGGIE B. WALTON
                                        United States District Judge


Copies (by electronic service):

*On behalf of plaintiffs:*                    *On behalf of defendant/ counterclaimant:*
Jacob A. Stein, Esq.                      Joel David Joseph, Esq.
David Wallace Stanley, Esq.