UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C. ) | |
| ) | |
| and ) | |
| ) | |
| JONATHAN W. CUNEO ) | |
| ) | |
| v.   ) | Case No. 08-00253 (RBW) |
| ) | |
| JOEL D. JOSEPH, ) | |
| ) | |
| Defendant  ) | |

## OPPOSITION TO THE MOTION TO CANCEL AND RELEASE NOTICES OF LIS PENDENS

Defendant opposes the motion to cancel and release the notices of lis pendens. First of all, the D.C. Court of Appeals has recently ruled that a lis pendens can be cancelled only in exceptional circumstances. *Heck v. Adamson*, 941 A.2d 1028 (January 31, 2008). Plaintiffs clearly have not shown any exceptional circumstances.

The court in *Heck, supra,* which was cited by plaintiffs in their memorandum, overturned a superior court ruling canceling a lis pendens. The Court of Appeals in *Heck* emphasized that a lis pendens "is still only a notice," and is not a lien, citing *Kerns v. Kerns*, 53 P.3d 1157, 1164 n 6. (Colo. 2002). 2008 D.C. App. LEXIS 16, at 4, 5.

The *Heck* court noted that "we might well be justified in concluding that, before judgment is rendered in the action or proceeding, ***the trial court enjoys no authority to order cancellation of a lis pendens notice.***" 2008 D.C. App. LEXIS 16, at 5 (emphasis added). The Court of Appeals continued:

1

> We need not decide that much, however, to conclude that
> the cancellation order in this case is unwarranted.
> Professor Powell implies that only 'unusual circumstances'
> ought to justify an order to release a lis pendens notice
> before judgment, 14 POWELL, *supra*, at 82A-23 [4A
> POWELL ON REAL PROPERTY §594]; and we agree
> that, at a minimum, an 'equitable' power the court has to
> act before judgment must be exercised parsimoniously.
> 2008 D.C. App. LEXIS 16, at 6, 7.

In light of the fact that this court denied defendant's motion for preliminary injunction, which would have protected the defendant's interest in the money that plaintiffs are holding that belongs to him, the lis pendens is a modest inconvenience to plaintiffs, who are indisputably holding $460,000 of fees received that they contractually and morally owe to defendant.

Even if there is an equitable remedy for plaintiffs, plaintiffs come to this court with dirty hands and should be denied equitable relief.  The plaintiffs have been on notice since the court hearing held on March 20, 2008 that the court agreed that plaintiff would have a difficult time proving that there was a material breach of the underlying settlement agreement:

> ON THE ISSUE OF THE SUBSTANTIAL LIKELIHOOD
> OF SUCCESS ON THE MERITS, I MIGHT AGREE
> THAT IT MAY BE DIFFICULT FOR THE PLAINTIFF
> TO PROVE THAT THERE WAS A MATERIAL
> BREACH OF THE EARLIER AGREEMENT.  Transcript,
> March 20, 2008 at page 10.

Further, despite reference to the magistrate for mediation, the plaintiffs moved farther from defendant in settlement discussions.  Plaintiffs have been on notice from the court and defendant, that their "defense" is a sham.  Plaintiffs' "defense" that defendant communicated with the litigants and otherwise interfered with the cases is a flimsy excuse for withholding money from defendant.  Plaintiffs know that there was no

communication with the litigants, that litigants are parties to the case, not attorneys. That defendant sought, and recovered, compensation from local counsel, after the case was settled, cannot constitute interference with the case.

      For all of these reasons, the motion should be denied.

/s/

_____
JOEL D. JOSEPH