UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| THE CUNEO LAW GROUP, P.C., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 08-00253 (RBW) |
| | ) | |
| JOEL D. JOSEPH, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO THE MOTION TO CANCEL AND RELEASE NOTICES OF *LIS PENDENS*

Plaintiffs respectfully submit to the Court a reply to Defendant Joseph's ("Joseph") opposition to Plaintiffs' motion to cancel and release the improperly filed notices of *lis pendens*. Joseph's opposition fails to address the central issue raised, thus conceding, in fact, the validity of Plaintiffs' motion.

Joseph correctly notes that the D.C. Court of Appeals, in the recent case of *Heck v. Adamson*, 941 A.2d 1028 (D.C. 2008), held that the power of a trial court to cancel and release a notice of *lis pendens* should be exercised "parsimoniously." *Id.* at 7. He incorrectly implies, however, that a court lacks authority to order cancellation of such a notice before judgment. But most importantly, he completely ignores the court's statement that "[i]f Heck's complaint sought <u>only monetary damages</u> not affecting, even potentially, title to real estate, discharge of the *lis pendens* notice <u>would be proper</u>." *Id.* at 1031 n.4 (citation omitted; emphasis added). Nor does he address the language of the statute or the relief sought in his counterclaims.

Joseph's silence on these issues is telling. He does not address them because he cannot. His complaint seeks only monetary damages. It does not affect title to real

1

estate, even by reference. Yet title to real estate, as the *Heck* opinion makes clear, is the essential issue that brings D.C. Code, § 42-1207 into play.

Instead of addressing the relevant issues Joseph vainly seeks to divert the Court's attention with irrelevant issues such as the supposed merits of Plaintiffs' case and improper references to confidential settlement discussions. These efforts are transparent.

Joseph's willful persistence in maintaining these improper notices in the face of Plaintiffs' informal request and subsequent motion citing controlling authority makes clear that this is an appropriate case for sanctions, as provided by D.C. Code, § 42-1207(d).

Wherefore, for all the foregoing reasons Plaintiffs request that the Court grant their motion to cancel the notices of *lis pendens* and sanction Joseph for his abuse of the statute.

June 9, 2008                                    Respectfully submitted,

                                                STEIN, MITCHELL & MEZINES, L.L.P.

                                                /s/   Jacob A. Stein
                                                JACOB A. STEIN (D.C. Bar No. 052233
                                                1100 Connecticut Avenue, N.W., Suite 1100
                                                Washington, DC 20036
                                                (202) 737-7777 * Fax (202) 296-8312
                                                E-Mail: jstein@steinmitchell.com