UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOEL D. JOSEPH, ) <br> ) <br> Defendant. ) <br> _____ ) | Case No. 08-00253 (RBW) |

**PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT
AND/OR TO DISMISS DEFENDANT JOSEPH'S
FIRST AMENDED COUNTERCLAIMS**

Plaintiffs Jonathan W. Cuneo and The Cuneo Law Group, P.C. ("Cuneo"), respectfully move the Court for an Order (1) entering summary judgment pursuant to Fed. R. Civ. P. 56(c) dismissing Defendant Joel D. Joseph's Second Cause of Action; and (2) dismissing Defendant's First, Third, Fourth, Fifth, Sixth and Seventh Amended Causes of Action pursuant to Fed. R. Civ. P. 12(b) (6) for failure to state a claim upon which relief may be granted. In support of their motion, Plaintiffs rely upon all the pleadings in the case and Plaintiffs memorandum of points and authorities filed with this motion (which incorporates by reference (1) Cuneo's previously filed Memorandum of Points and Authorities in Support of Plaintiff's Motion for Summary Judgment as to Their Action for Declaratory Judgment and Plaintiffs' Motion to Dismiss and/or for Summary Judgment as to Defendant Joseph's Counterclaims (Dkt. #16) and (2) Plaintiffs' Reply in support of Their Motion for Summary Judgment as to Their Action for Declaratory Judgment and Motion to Dismiss and/or for Summary Judgment as to Defendant Joseph's Counterclaims (Dkt. # 20)).

1

June 9, 2008                    Respectfully submitted,


                                STEIN, MITCHELL & MEZINES, L.L.P.

                                 /s/
                                _____
                                JACOB A. STEIN (D.C. Bar No. 052233
                                1100 Connecticut Avenue, N.W., Suite 1100
                                Washington, DC 20036
                                (202) 737-7777 * Fax (202) 296-8312
                                E-Mail: jstein@steinmitchell.com


                                CUNEO GILBERT & LaDUCA, LLP

                                 /s/
                                _____
                                JONATHAN W. CUNEO (D.C. Bar No. 39389)
                                David W. Stanley (D.C. Bar No.174318)
                                Michael G. Lenett (D.C. Bar No. 425592)
                                507 C Street, N.E.
                                Washington, DC 20002
                                (202) 789-3960 * Fax (202) 789-1813
                                E-Mail: jonc@cuneolaw.com

2

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C., *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 08-00253 (RBW) |
| JOEL D. JOSEPH, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF PLAINTIFFS' MOTION FOR
SUMMARY JUDGMENT AND/OR TO DISMISS
DEFENDANT JOSEPH'S FIRST AMENDED COUNTERCLAIMS**

Plaintiffs Jonathan W. Cuneo and The Cuneo Law Group, P.C., (collectively "Cuneo") submit this memorandum of points and authorities in support of Plaintiffs' Motion for Summary Judgment and/or to Dismiss Defendant Joseph's First Amended Counterclaims.

**INTRODUCTION**

Defendant Joel D. Joseph ("Joseph") has filed a First Amended Counterclaim. Aside from some minor editorial changes correcting typographical errors and the like, the First Amended Counterclaim is different from the Counterclaim in only two respects. First it adds two factual allegations (¶¶ 21 and 36) relating to the first cause of action for legal malpractice. Second, it adds a completely new, seventh cause of action alleging conversion (¶¶ 69 through 73).

Cuneo has already addressed Joseph's counterclaims in detail, with the exception of the new conversion claim. Therefore, Cuneo respectfully invites the Court's attention to its previously filed (1) Memorandum of Points and Authorities in Support of Plaintiff's

1

Motion for Summary Judgment as to Their Action for Declaratory Judgment and Plaintiffs' Motion to Dismiss and/or for Summary Judgment as to Defendant Joseph's Counterclaims (Dkt. #16) and (2) Plaintiffs' Reply in Support of Their Motion for Summary Judgment as to Their Action for Declaratory Judgment and Motion to Dismiss and/or for Summary Judgment as to Defendant Joseph's Counterclaims (Dkt. # 20), which Cuneo incorporates herein by reference. With respect to the two new factual allegations regarding the first cause of action for malpractice, Cuneo already specifically addressed the same allegations, which Joseph had previously included in an affidavit attached to his opposition, in the Reply brief at pages 6-9.

Joseph's new claim for conversion fails. He is attempting to turn a contract claim for money allegedly owed him into a tort action. As we show, the law does not permit this. Accordingly, his new counterclaim must be dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12 (b) (6).

## THE APPLICABLE LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b) (6), Fed. R. Civ. P., tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). "[T]he complaint need only set forth 'a short and plain statement of the claim,' Fed. R. Civ. P. 8(a) (2), giving the defendant fair notice of the claim and the grounds upon which it rests." *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957). "Such simplified 'notice pleading' is made possible by the liberal opportunity for discovery and the other pretrial procedures established by the Rules to disclose more precisely the basis of both claim and defense and to define more

2

narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48. A plaintiff need not plead all elements of his prima facie case in a complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Nevertheless, a plaintiff must allege a "plausible entitlement to relief," by setting forth "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombley*, 127 S. Ct. 1955, 1967, 1969 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-46, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled relief,' a complaint "does not need detailed factual allegations." *Id.* at 1964, 1966. In resolving a Rule 12(b)(6) motion, a court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences in the plaintiff's favor. *Macharia v. U.S.*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003). Although many well-pleaded complaints are conclusory, a court need not accept inferences or conclusory allegations that are unsupported by the facts alleged in the complaint. *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1279 (D.C. Cir. 1994). Nor is a court required to accept the legal conclusions of the non-moving party. *Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

When ruling on a Rule 12(b)(6) motion to dismiss, a court may only consider the facts alleged in the complaint, documents attached as exhibits or incorporated by reference into the complaint, and matters about which a court may take judicial notice.

*EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624-25 n.3 (D.C. Cir. 1997).

A court may consider material attached to the complaint without converting a Rule 12(b) (6) motion to a motion for summary judgment. *Marshall v. Federal Bureau of Prisons*, 518 F. Supp.2d 190, 196 n.6. (D.D.C. 2007). However, if matters outside the pleadings are presented and considered by the court, it must convert the motion to one for summary judgment. Rule 12(d), Fed. R. Civ. P.

## ARGUMENT

## JOSEPH'S CONVERSION CLAIM FAILS TO STATE A CLAIM AND MUST BE DISMISSED

Joseph's new cause of action for conversion alleges that Cuneo "<u>agreed</u> to pay defendant 20% of the proceeds from the *Leatherman* case" (¶ 70 (emphasis added)); that Cuneo "received $2.3 million for the *Leatherman* case on February 12, 2008, and have exercised dominion and control over these funds, including approximately $460,000 which is the property of defendant" (¶ 71); that Cuneo has "refused to pay defendant any part of the money that they owe him and have converted this property, approximately $460,000 to their own use" (¶ 72); and that Cuneo has "converted defendant's property intentionally, without permission or justification" (¶ 73).

Attached to Joseph's original Counterclaim is a copy of the Agreement of Release (the "Settlement Agreement") dated March 15, 2002, which is the contract at issue in this case. Joseph concedes the validity of the Settlement Agreement. Indeed, in his Second Cause of Action he sues for its alleged breach. The Settlement Agreement says in the first clause of Exhibit A that Joseph would receive 20% of Cuneo's net recoveries, if any, from the three pending contingent fee cases: the *Gold Train* case, the *Leatherman* case and the *Kwikset* case.

The Settlement Agreement binds the parties. Joseph relies upon it in his counterclaims. The Court can and should consider it as well on a Rule 12(b)(6) motion.

Joseph's conversion claim shows that Joseph's entitlement, if any, to 20% of the net fees from the *Leatherman* case is based on a contract – the Settlement Agreement. *See* First Amended Counterclaim, ¶ 70 ("Plaintiffs agreed to pay defendant 20% of the proceeds of the *Leatherman* case."). The law is clear, however, that failure to pay a sum of money due pursuant to a contract, even if wrongful, does not constitute a tortiouus conversion. If it is anything, it is a breach of contract.

The Court will adjudicate whether or not Cuneo's refusal to pay Joseph 20% of the *Leatherman* fee is wrongful when it decides Cuneo's motion for summary judgment as to his declaratory judgment action and Joseph's reciprocal motion for summary judgment as to his breach of contract claim. But even if the Court were to rule that Cuneo owed Joseph the money, it would not make his refusal to pay it a conversion.

The tort of conversion consists of "(1) an unlawful exercise, (2) of ownership, dominion, or control, (3) over the personal property of another, (4) in denial or repudiation of that person's rights thereto." *Government of Rwanda v. Rwanda Working Group*, 227 F. Supp. 2d 45, 62 (D.D.C. 2002), citing *Furash & Co. v. McClave*, 130 F. Supp. 2d 48, 58 (D.D.C. 2001); *Equity Group, Ltd. v. Painewebber Inc.*, 839 F. Supp. 930, 933 (D.D.C. 1993); *O'Callaghan v. District of Columbia*, 741 F. Supp. 273, 279-80 (D.D.C. 1990); *Flocco v. State Farm Mut. Auto. Ins. Co.*, 752 A.2d 147, 158 (D.C. 2000). *See also Duggan v. Keto*, 554 A. 2d 1126, 1137 (D.C. 1989); *Blanken v. Harris, Upham & Co.*, 359 A.2d 281, 283 (D.C. 1976) ("Conversion is an intentional exercise of dominion or control over a <u>chattel</u> which so seriously interferes with the right of another

to control it that the actor may justly be required to pay the other the full value of the chattel." Restatement (Second) of Torts, § 222A(1) (1965) (emphasis added)); *Shea v. Fridley*, 123 A.2d 358, 361 (D.C. 1956).

"Money can be the subject of a conversion claim <u>only</u> if the plaintiff has the <u>right</u> to a <u>specific identifiable fund of money</u>. A cause of action for conversion, however, may <u>not</u> be maintained to enforce a <u>mere obligation to pay money</u>." *Curaflex Health Services, Inc. v. Bruni, M.D., P.C.*, 877 F. Supp. 30, 32 (D.D.C. 1995) (citations omitted; emphasis added); *Government of Rwanda*, 227 F. Supp. 2d at 62-63.

The difference between these two principles is illustrated by the *Government of Rwanda* and *Curaflex* cases. In *Government of Rwanda* the Rwandan government, through its then ambassador, paid two sums of money ($28,000 and $55,000) to defendant Johnson, a Washington lawyer, to perform certain services on behalf of the Rwandan government. Almost immediately after the second sum was paid the ambassador was discharged as ambassador due to a change in government. Thereafter, Johnson refused demands by the new Government of Rwanda to return the money. Instead, he either failed to perform any of the services for which the money was paid or used the money to personally advance the interests of the former ambassador, which were contrary to the interests of the new Rwandan government. Under those circumstances the court held that Johnson had converted the specific, identifiable monies of the Rwandan government, *i.e.*, the $28,000 and the $55,000, because he "engaged in an unlawful exercise of ownership, dominion, and control of the monies of the Government of Rwanda, in denial or repudiation of Rwanda's right thereto...." 227 F. Supp. 2d at 63.

In contrast, in *Curaflex*, Bruni P.C. contracted with Curaflex for the latter to perform services on behalf of Bruni P.C.'s patients. Bruni P.C. agreed to pay Curaflex 70% of the revenues billed for the services provided by Curaflex. Payments from patients and third-party providers were to be paid into a lock box account in the name of, and under the control of, Bruni P.C. Curaflex's 70% share was to be paid only at the instructions of Bruni P.C. When Bruni P.C. failed to do so Curaflex sued for conversion. The court granted summary judgment in favor of Bruni P.C., stating:

> While the monies in the lock box were a specific, identifiable fund, Curaflex had no immediate right to possession or control of the fund. Curaflex's ability to gain possession or control of the funds in the lock box was wholly contingent on Bruni P.C.'s meeting its obligation under [the contract] to instruct the bank to transfer the funds from the lock box to a separate Curaflex account. Thus, when Bruni P.C. failed to transfer the funds from the lock Box to a Curaflex account, or to instruct the bank to do so, it <u>did not convert Curaflex's property. Rather, it breached its contractual obligation under the [contract] to order a transfer of funds</u>. As a matter of law, then, Plaintiff's conversion claims may not be maintained.

877 F. Supp. at 33 (emphasis added).

The situation here is remarkably similar to the *Curaflex* case. Although 20% of the net *Leatherman* fee received by Cuneo constitutes a specific, identifiable fund, Joseph's only claim to it derives from the Settlement Agreement. The Settlement Agreement obligates Cuneo to pay Joseph 20% of the net *Leatherman* fee received – unless Joseph, by his actions breached the Settlement Agreement and waived his right to his percentage – but Joseph has no immediate right to possession or control of the fee or any percentage thereof. Rather, his ability to gain possession or control of the 20% is wholly contingent on Cuneo meeting his obligation, if any, under the Settlement Agreement to transfer the funds to him. Cuneo's refusal to transfer the funds as a result

7

of Joseph's material breach of the Settlement Agreement is permissible, not wrongful. But even if it were wrongful it would be, as a matter of law, a breach of the Settlement Agreement, not a conversion.

Wherefore, for the foregoing reasons, Cuneo submits that the Court should (1) enter summary judgment granting Cuneo's Declaratory Judgment action and dismissing Joseph's Second Cause of Action; and (2) dismiss Joseph's First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action for failure to state a claim.

June  , 2008                    Respectfully submitted,


                                STEIN, MITCHELL & MEZINES, L.L.P.

                                  /s/
                                _____
                                JACOB A. STEIN (D.C. Bar No. 052233
                                1100 Connecticut Avenue, N.W., Suite 1100
                                Washington, DC 20036
                                (202) 737-7777 * Fax (202) 296-8312
                                E-Mail: jstein@steinmitchell.com



                                CUNEO GILBERT & LaDUCA, LLP

                                  /s/
                                _____
                                JONATHAN W. CUNEO (D.C. Bar No. 39389)
                                David W. Stanley (D.C. Bar No.174318)
                                Michael G. Lenett (D.C. Bar No. 425592)
                                507 C Street, N.E.
                                Washington, DC 20002
                                (202) 789-3960 * Fax (202) 789-1813
                                E-Mail: jonc@cuneolaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| THE CUNEO LAW GROUP, P.C., *et al.*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JOEL D. JOSEPH, ) <br> ) <br> Defendant. ) <br> _____) | Case No. 08-00253 (RBW) |

## [PROPOSED] ORDER

The Court, having considered Plaintiffs' Motion for Summary Judgment and/or to Dismiss Defendant Joseph's First amended Counterclaims, the Memorandum of Points and Authorities in support thereof, Defendants Opposition, and Plaintiffs' reply memorandum, finds that there is no genuine issue of material fact which would prevent the Court from entering judgment on Plaintiffs' declaratory judgment action and on Defendant's Second Cause of Action for breach of contract.

Accordingly, the Court

ENTERS SUMMARY JUDGMENT GRANTING Plaintiffs' declaratory judgment action and DISMISSING Defendant's Second Cause of Action for breach of contract; and

DISMISSES Defendant's First, Third, Fourth, Fifth, Sixth and Seventh Causes of Action for failure to state a claim upon which relief may be granted.

ENTERED this _____ day of _____, 2008.

_____
REGGIE B. WALTON
United States District Judge