UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

The Cuneo Law Group, et al.,                    :
                                                 :
            Plaintiffs,                          :
                                                 :
                                                 :    Civil Action No. 08-00253 (RBW)
      v.                                         :
                                                 :
Joel D. Joseph,                                  :
                                                 :
            Defendant.                           :
_____                  :

**ORDER**

Presently before the Court is the Plaintiffs' Motion for Entry of an Order

Canceling and Releasing Notices of <u>Lis</u> <u>Pendens</u> ("Pls.' Mot."), which were filed by the

defendant, Joel D. Joseph   As grounds for their motion, the plaintiffs rely on D.C. Code

§ 42-1207 (2001).[1]

This litigation arises out of events that arose after a settlement agreement was

reached between the parties in an earlier lawsuit.  First Amended Complaint ("Compl.")

¶¶ 2-3.  Prior to the filing of the earlier case, the plaintiff law firm had secured the

services of the defendant.  <u>Id.</u> ¶ 12.[2]  Out of this employment relationship a dispute

arose resulting in the earlier litigation.  <u>Id.</u>  Pursuant to the settlement agreement in the

earlier case, the defendant "was to receive 20 percent (20%) of [the plaintiffs'] net fees,

if any, in three (3) then-pending [] contingency fee cases, referred to as the Gold Train

---

[1]  Prior to filing the instant motion, the plaintiffs' counsel contacted the defendant and informally requested that he withdraw his <u>lis pendens</u> notices.  The defendant has not responded to the request. Pls.' Mot. at 1.

[2]  The defendant was actually employed by The Cuneo Law Gropu, which is the predecessor law firm of Cuneo Gilbert & Laduca, LLP, Compl. ¶ 12, which are acknowledged by the plaintiffs to be one and the same, <u>id.</u> ¶ 4.

case, the Leatherman case, and the Kwikset case." Id. ¶ 20.  The settlement

agreement further provided that the defendant would "make no attempt to interfere with

the pending cases or cases that follow, nor . . . attempt to file liens or notices of claim,

or correspond with the litigants.  If he does he has breached the agreement and waives

his percentages." Id. ¶ 21.  According to the plaintiffs, the defendant breached the

terms of the contract by engaging in a number of activities, including: corresponding

with the plaintiffs' co-counsel in the Gold Train case in an attempt to obtain additional

fees; "filing a baseless lawsuit against  [the plaintiffs'] co-counsel in the Gold Train

case"; and  "corresponding with the litigants in the Gold Train case." Id. ¶ 45.  Thus, the

plaintiffs ask the Court to declare that the defendant has lost "his right to be paid a

percentage of the Leatherman case," id. at 7.

The defendant asserts that he did not breach the terms of the settlement

agreement because he corresponded only with the lawyers and not the litigants in the

case.  Answer ¶ 26.  He has filed a counter-claim asserting, among other things, that

the plaintiffs breached the settlement agreement by failing to promptly pay him the

approximate fee of $500,000, which represents the 20% fee the parties agreed to in

their agreement.  Counterclaim ¶¶ 33, 36.  Thus, the defendant seeks a declaration

from the Court directing the plaintiffs to pay him the settlement sum.  Id. at 11.

Apparently hoping that there would be a source from which he can recover his

fee as provided by the settlement agreement if he prevails on his counter-claim, the

defendant served notices of lis pendens against two real estate properties located in

the District of Columbia.[3]  Docket Entry Number 22.  The plaintiffs request that the

defendant's lis pendens notices be cancelled, asserting that they are not in compliance

with D.C. Code § 42-1207.  Memorandum in Support of Pls.' Mot. at 1.  The Court

agrees with the plaintiffs' position.

        D.C. Code § 42-1207(a) authorizes a party to provide notice "of [the] pendency

of an action or proceeding in [this Court] . . . affecting the title to or asserting a

mortgage, lien, security interest, or other interest in real property situated in the District

of Columbia."  The lis pendens notice is "designed to enable interested third parties to

discover the existence and scope of [pending] litigation affecting property."  Heck v.

Adamson, 941 A.2d 1028, 1029 (D.C. 2008) (internal quotation and citation omitted)

(alteration in original)(emphasis added); see also Tr. 1245 13th St., NW #608 Trust v.

Anderson, 905 A.2d 181, 185 (D.C. 2006) ("The legislative history [of D.C. Code § 42-

1207] indicates that one of the bill's main purposes was to 'require[] that notice of

litigation concerning real estate be filed with the Recorder of Deeds, thus providing

persons with notice of litigation that could affect good title to real estate.'") (second

alteration in original) (emphasis added).  "The legal effect of lis pendens . . . under §

42-1207, is that nothing relating to the subject matter of the suit can be changed while it

is pending and one acquiring an interest in the property involved therein . . . is

conclusively bound by the results of the litigation." Heck, 941 A.2d at 1030 n.1 (internal

quotation, brackets and citation omitted).

---

        [3]  Lis pendens is "only a notice" and "[u]nlike a lien, a person obtains no new property interest
through the operation of the lis pendens doctrine." Heck v. Adamson, 941 A.2d 1028, 1030 n.1 (D.C.
2008) (internal quotation and citation omitted).

In this case, the parties dispute whether or not the defendant has forfeited approximately $500,000 in fees concerning events totally unrelated to the real estate referenced in the defendant's notices of lis pendens. When a claim seeks "only monetary damages not affecting, even potentially, title to real estate, discharge of the lis pendens notice [is] proper." Heck, 941 A.2d at 1032 (internal quotation and citation omitted). Accordingly, filing notices of lis pendens as to real estate that has no relationship to this litigation is a misuse of D.C. Code § 42-1207.

As noted earlier, it appears that the defendant is using the notices as a means of securing a source of value (or as collateral) to which he could turn to enforce any judgment he may receive on his counter-claim. This is not a proper use of D.C. Code § 42-1207, because "creation of a 'beneficial' interest in real property for the purpose of securing payment of money owed" cannot be achieved through the utilization of lis pendens. See CHoPP Computer Corp. v. United States, 5 F.3d 1344, 1348-49 (9th Cir. 2003) ("[A]llegations of equitable remedies, even if colorable, will not support a lis pendens if, ultimately, those allegations act only as collateral means to collect money damages. It must be borne in mind that the true purpose of the lis pendens statute is to provide notice of pending litigation and not to make plaintiffs secured creditors of defendants nor to provide plaintiffs with additional leverage for negotiating purposes"). Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion for Entry of an Order Canceling and Releasing Certain Notices of Lis Pendens Filed by Joel D. Joseph is **GRANTED**. It is further

**ORDERED** that the defendant's notices of lis pendens are cancelled.

**SO ORDERED**, this 17th day of July, 2008.

REGGIE B. WALTON
United States District Judge
